TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-07-00578-CR





In re Robin Carter



Salviano Martinez, Appellant


v.


The State of Texas, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 390TH JUDICIAL DISTRICT

NO. D-1-DC-06-204018, HONORABLE DONALD LEONARD, JUDGE PRESIDING





O R D E R O F C O N T E M P T

PER CURIAM


 This is a contempt proceeding ancillary to the appeal of Salviano Martinez. The
subject of this proceeding is court reporter Robin Carter.

 The reporter's record was originally due to be filed on or about November 26, 2007. 
On January 18, 2008, this Court extended the time for filing the reporter's record to February 29,
ordering her to file the record by February 29. On April 1, Carter informed this Court that the record
would be filed by April 7, but the record was not filed as promised. On May 16, we issued a show-cause order requiring Carter to either file the record or appear before this Court on May 28 to explain
her delay in filing the record and her violation of our January 18 order. However, Carter did not
accept the certified mail containing our show-cause order and did not file the record, appear before
this Court, or otherwise respond to our order. Nor did Carter return phone calls in response to
several messages left by the Clerk of this Court. 

 On June 27, 2008, this Court issued a second show-cause order, ordering Carter to
appear in person before this Court on July 30, 2008 to show why she should not be held in contempt
for her failure to obey the January 18 order of this Court. (1) Carter was ordered to bring to the hearing
either (1) a complete reporter's record or (2) her complete notes from the underlying proceeding and
any equipment and supplies necessary to prepare the record. The order was served on Carter through
personal service by Deputy Constable G.L. Blaylock on June 30, 2008. 

 The show-cause hearing was held in this Court on July 30, 2008, but Carter did not
appear as ordered. This Court therefore recessed the hearing and issued an order of attachment
directing that Carter be brought before this Court on August 4, 2008. Carter filed the record on
August 1, 2008, and was brought before this Court on August 4, 2008, at which time she was found
to be in contempt of our January 18 order and fined $500. At the reconvened hearing, Carter was
ordered to appear before this Court on August 11, 2008, at 1:30 p.m., to show why she should not
be held in contempt and sanctions imposed for her failure to appear pursuant to our June 27 order. 
Carter was informed of the August 11 hearing both from the bench and through a written order, dated
and personally served on her by the Clerk of this Court on August 4, 2008, which provided Carter
with notice of the allegations against her and of the date and time of the hearing. 

 After hearing Carter's explanation for her failure to comply with the Court's previous
order and our due consideration of the record, we specifically find that Robin Carter is in contempt
for violating this Court's order of June 27, 2008, which was sufficiently clear and specific in its
requiring Carter to appear before the Court on July 30, 2008, to explain her delay in filing the record
and her failure to comply with our January 18 order. See Tex. Gov't Code Ann. § 21.002(e)
(West 2004); see also In re Cantu, 961 S.W.2d 482, 487 (Tex. App.--Corpus Christi 1997,
orig. proceeding). 

 It is therefore ordered that Carter shall be fined $250.00 for her contempt of our
June 27 order. That fine shall be made payable to the Clerk of the Court of Appeals, Third District
of Texas, on or before September 18, 2008 at 5:00 p.m. If Carter does not pay the full amount of the
$250.00 fine by September 18, 2008, she shall be confined in a county jail or other lockup within
the State for a sufficient time to discharge the full amount of the unpaid fines at the daily rate
allowed for prisoners serving misdemeanor sentences. See In re Miles, 55 S.W.3d 203, 204
(Tex. App.--Houston [1st Dist.] 2001, orig. proceeding).

 It is ordered that all writs and other process necessary for the enforcement of this
judgment be issued. It is further ordered that the Clerk of this Court mail a copy of this order to the
Texas Court Reporters Certification Board at P.O. Box 13131, Austin, Texas, 78711-3131.

 It is ordered on August 11, 2008.


Before Justices Puryear, Pemberton and Henson

Do Not Publish
1. In our June 27 order, we ordered Carter to show why she should not be held in contempt
and sanctions imposed for her failure to obey our January 18 and May 16. However, because Carter
did not receive the May 16 order, we did not consider that order in our contempt considerations.